IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER D. MALINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-502-JED-FHM |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Paula Smith's Amended Motion to Intervene and Brief in Support (the "Motion") (Doc. 74), which defendant BNSF Railway Company has opposed (Doc. 94). For the reasons below, the Court finds that the Motion should be granted.

**I.   Background**

Plaintiff Tyler D. Malinski filed this lawsuit in Ottawa County District Court on August 12, 2015 against defendant BNSF Railway Company ("BNSF") for personal injury damages he sustained from a motor vehicle accident between his vehicle and a train owned and operated by BNSF. Plaintiff alleges that BNSF failed to protect the grade crossing by using automatic signaling devices, flashing lights, or crossing guards, and that such failure amounted to negligence. Plaintiff further alleges that BNSF's negligence was the proximate cause of the collision, which left plaintiff permanently partially disabled. (Doc. 4-4 at 2). Defendant removed the case on August 28, 2015. (Doc. 2).

Proposed intervenor Paula Smith is the mother of Nathan Smith, the passenger in plaintiff's vehicle who died shortly after the accident. Ms. Smith's Complaint asserts that her son's death was caused by the injuries he suffered as a result of the collision. (Doc. 74-1). Ms. Smith seeks to intervene in order to bring a wrongful death action against BNSF. In addition to the negligence

claim asserted by plaintiff, Ms. Smith's proposed Complaint alleges that BNSF designed, built, and maintained a railway approach in an unreasonably dangerous manner. (*Id.*).

The Scheduling Order in this case, entered on December 31, 2015, set the discovery cut-off date on June 16, 2016, the motions deadline on July 20, 2016, the deadline for the proposed pretrial order on December 12, 2016, the pretrial conference on January 4, 2017, and the jury trial on January 17, 2017. (Doc. 14). BNSF filed its Motion for Summary Judgment on July 20, 2016, arguing that plaintiff's negligence claim is preempted by the Federal Railroad Safety Act ("FRSA") because the cross bucks at the railroad crossing were installed using federal funds. BNSF also argues that plaintiff was negligent *per se*, and that Oklahoma's statute of repose, Okla. Stat. Ann. tit. 12 § 109, bars any claim regarding the design of the railroad track. (Doc. 39).

## II. Discussion

Ms. Smith's Motion seeks leave of the Court to intervene as a plaintiff in this case under Fed. R. Civ. P. 24(a)(2). (Doc. 74 at 1). Ms. Smith represents that plaintiff has no objection to her intervention. (*Id.* at 2). In response, BNSF contends that Ms. Smith is not entitled to intervene because she is unable to satisfy any of the requirements for intervention. Alternatively, if the Court allows Ms. Smith to intervene, BNSF urges the Court to limit her intervention to the issue of damages. (Doc. 101 at 5).

Rule 24(a)(2) of the Federal Rules of Civil Procedure allows for a non-party to intervene as a matter of right if "(1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005). The Tenth Circuit follows a liberal construction of Rule 24(a). *Id.* The Rule 24(a)(2) factors are

2

intended to "capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation," and "are not rigid, technical requirements." *San Juan Cty. v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc).

### A. Timeliness of Motion

A motion to intervene must be timely filed. Fed. R. Civ. P. 24(a)(2). Ms. Smith's Motion altogether fails to address the timeliness requirement. BNSF's Response argues that Ms. Smith's motion is untimely because it was filed over one year after the case was originally filed, and after the discovery and motions deadlines had passed. (Doc. 94 at 5). In her Reply, Ms. Smith asserts that her Motion is timely because it was filed shortly after she became aware that her interests would be affected in the case. (Doc. 97 at 4). Specifically, Ms. Smith states that once she reviewed BNSF's Motion for Summary Judgment (Doc. 39), which was filed on July 20, 2016, she realized that her interests would be impacted because summary judgment in BNSF's favor could impact a subsequent lawsuit brought by Ms. Smith based on the doctrines of res judicata or collateral estoppel. Ms. Smith filed this Motion forty days later, on August 30, 2016. (Doc. 97 at 4).

It is well-established that the "timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)); *see also Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010) ("[W]e join the other circuits that measure delay from when the movant was on notice that its interests may not be protected by a party already in the case."). Timeliness must be evaluated in terms of context, without regard to any absolute measurement of timeliness. *Clinton*, 255 F.3d at 1250.

3

The Tenth Circuit has stated that the timeliness requirement "is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

BNSF argues that the Motion is untimely because it was brought over one year after the case was filed. BNSF's interpretation of the timeliness requirement is based upon an absolute measurement of timeliness, which is clearly inconsistent with Tenth Circuit precedent. *Clinton*, 255 at 1250. Taking into consideration all of the factors, the Court concludes that Ms. Smith's Motion is timely. The Court is most persuaded by Ms. Smith's representation that she first learned of her interest in the case only after BNSF filed its Motion for Summary Judgment. (Doc. 97 at 4).[1] The Court finds meritless BNSF's attempt to argue that the letter of representation sent to BNSF by Ms. Smith's counsel on February 18, 2015—approximately six months before plaintiff filed this lawsuit—suggests that Ms. Smith was aware of plaintiff's lawsuit and could have intervened sooner.

BNSF also argues that Ms. Smith's intervention will result in prejudicial delay of the resolution of the case because it will cause discovery to be re-opened, and that BNSF will likely incur additional expenses as a result. (Doc. 94 at 7). While BNSF may indeed be inconvenienced by Ms. Smith's intervention, the Court is persuaded that the circumstances presented here weigh in favor of Ms. Smith. Because timeliness should be assessed from July 20, 2016, the time at

---

[1] The Court will address the merits of Ms. Smith's argument that BNSF's Motion for Summary Judgment affects her interest under the third Rule 24(a) factor—whether the movant's interest will be impaired or impeded if intervention is not granted.

which Ms. Smith was clearly aware of her interests in the case, the Court finds that the Motion is timely.

### B. The Movant's Claimed Interest

The next factor requires Ms. Smith to show that she has a claimed interest relating to the property or transaction which is the subject of the lawsuit. In support of this requirement, Ms. Smith argues that she has an interest "in preventing her claims from being collaterally attacked" in a subsequent lawsuit against BNSF. (Doc. 97 at 4). Ms. Smith further argues that denying intervention would cause her economic injury if she were unable to bring her claims. (*Id.* at 5). BNSF interprets the requirement literally, arguing that an accident between a truck and a train is not a "property" or a "transaction." (Docs. 94, 101). However, the Tenth Circuit has rejected a strict interpretation of the interest requirement, stating that it "is "not a mechanical rule." *San Juan Cty.*, 503 F.3d at 1199. Rather, "[i]t requires courts to exercise judgment based on the specific circumstances of the case." *Id.* At minimum, "[t]he applicant must have an interest that could be adversely affected by the litigation. But practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Id.* Nonetheless, the movant's interest may not be remote or speculative. *Id.* at 1203 (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995)) F.3d at 1162). "An interest in preventing an economic injury is certainly sufficient for intervention as of right." *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1398 (10th Cir. 2009).

Applying the Tenth Circuit's standard to the circumstances of this case, the Court finds that Ms. Smith has demonstrated a sufficient interest. Her injuries are a result of the same accident giving rise to plaintiff's lawsuit. Moreover, Ms. Smith may suffer economic injury, and the Tenth Circuit has made clear that the possibility of economic injury satisfies the interest requirement.

5

*Albert Inv. Co.*, 585 F.3d at 1398. Accordingly, the Court finds that Ms. Smith has satisfied the second factor.

### C. Impairment of the Movant's Interest

The third factor is premised on a showing that the resolution of the lawsuit may "as a practical matter impair or impede the movant's ability to protect [her] interest." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit has noted that this element carries only a minimal burden. *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010). As a result, it is sufficient that a movant only show that impairment of its substantial legal interest is possible if intervention is denied. *Id.* "[F]or purposes of Rule 24(a)(2), sufficient impairment may result even from the '*stare decisis* effect' of a district court's judgment." *Id.* A court may "consider any significant legal effect in the applicant's interest and [is] not restricted to a rigid *res judicata* test." *Coal. of Arizona/New Mexico Ctys.*, *for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996) (internal quotation marks and citation omitted).

Ms. Smith contends that her interests will be impaired or impeded because a favorable decision on BNSF's summary judgment motion would impact any subsequent lawsuit she brings as a result of collateral estoppel, res judicata, or issue preclusion. (Doc. 97 at 6). Ms. Smith argues that if BNSF succeeds in arguing that plaintiff's inadequate warning claim is preempted by FRSA, BNSF would be able to use the decision against Ms. Smith, who alleges an identical claim in her Complaint. (*Id.*). Likewise, Ms. Smith's claim that the railroad approach was designed in an unreasonably dangerous manner may be impacted if BNSF prevails on its argument that Oklahoma's statute of repose bars any claims regarding the design and construction of the railroad tracks and crossing. (*Id.*). Importantly, plaintiff has not alleged a design claim in this case. In response, BNSF argues that Ms. Smith's argument fails because it is "based on a false premise,"

6

as neither collateral estoppel nor res judicata apply to non-parties. (Doc. 101 at 3). However, BNSF's argument misses the point. The Tenth Circuit has made clear that a court is not required to apply stringent legal tests in assessing whether impairment may result. *Coal. of Arizona/New Mexico Ctys.*, 100 F.3d at 844. Nor is it relevant if there exists a possibility that Ms. Smith's interests may not be injured even if BNSF prevails. *See, e.g.*, *San Juan Cty.*, 503 F.3d at 1200 (rejecting argument that it was necessary for movant to show that interests may not be injured even if the litigation was resolved unfavorably to the movant). Rather, "[t]he issue is the *practical* effect of a judgment in favor of [BNSF], not the *legally compelled* effect." *Id.* (italics in original).

In light of the minimal burden necessary under Tenth Circuit precedent, the Court finds that Ms. Smith has sufficiently demonstrated the possibility that her interest may be impaired if she is not allowed to intervene.

### D. Inadequate Representation by Existing Parties

The last factor that Ms. Smith must satisfy requires her to show the possibility that plaintiff's representation may be inadequate. This element also presents a minimal burden on the movant. *WildEarth Guardians*, 604 F.3d at 1200; *see also Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) ("The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden.") (internal quotation marks omitted). A movant cannot show inadequate representation where its objectives are identical to that of an existing party. *San Juan Cty.*, 503 F.3d at 1204. However, the Tenth Circuit has allowed intervention in cases where the movant has a distinct claim that will not be addressed by the existing parties. *Elliott Indus. Ltd. P'ship*, 407 F.3d at 1104 (finding inadequate representation where neither party would raise or adequately address claim that was the sole reason for applicant's motion to intervene).

7

Here, plaintiff's lawsuit presents a single negligence claim premised upon BNSF's negligent failure to warn, which allegedly caused plaintiff permanent injury to his finger. By contrast, Ms. Smith hopes to hold BNSF accountable for the wrongful death of her son, and raises the additional claim that BNSF designed, maintained, and built the railway approach in an unreasonably dangerous manner. While the injuries to Ms. Smith and plaintiff are premised upon the same collision, the scope of injury and the claims presented are vastly different, as BNSF states in its Response. (*See* Doc. 94 at 7). Because plaintiff has no claim regarding the design of the railroad track or crossing, Ms. Smith's interests will not be adequately represented by plaintiff in this regard. *See Elliott Indus. Ltd. P'ship*, 407 F.3d at 1104.

Further, the Court is not persuaded by BNSF's suggestion, which lacks any legal support, that Ms. Smith is adequately represented simply because plaintiff's counsel is serving as her local counsel. *See S2 Automation LLC v. Micron Tech., Inc.*, 2012 WL 3656462, at *15 (D.N.M. Aug. 14, 2012) (existing party could not adequately protect the movant's interests despite the fact that movant and existing party shared attorneys). While the objectives of Ms. Smith and plaintiff may be similar, they are not identical. The Court accordingly determines that Ms. Smith has met her minimal burden to demonstrate inadequate representation by existing parties.

### III.   Conclusion

For the reasons above, Ms. Smith has demonstrated she is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). Because Ms. Smith's Complaint contains a new claim against BNSF, the Court denies BNSF's request to limit her intervention solely to the issue of damages. Accordingly, Paula Smith's Amended Motion to Intervene and Brief in Support (Doc. 74) is **granted**.

SO ORDERED this 5th day of December, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE