IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER D. MALINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| PAULA SMITH, | ) |
| | ) |
| Intervenor, | ) |
| v. | ) Case No. 15-CV-502-JED-FHM |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are Defendant's Motion in Limine Regarding the Train Crew's Conduct (Doc. 41); Defendant's Motion in Limine Regarding Evidence or Arguments Concerning Information Protected by 23 U.S.C. § 409, 49 U.S.C. § 20903 or Okla. Stat. tit. 17, § 86 (Doc. 42); Defendant's Motion in Limine Regarding the Adequacy of Locomotive Warning Devices (Doc. 43); Defendant's Motion in Limine Regarding Improper Lay Witness Opinion Testimony and the Alleged "Hazardous" Condition of the Crossing (Doc. 44); Defendant's Motion in Limine to Exclude Expert Opinions or Arguments that the Crossing was Subject to the AASHTO Guidelines (Doc. 46); Defendant's Motion in Limine Regarding the Speed of the Train (Doc. 47); Defendant's Motion in Limine Regarding the Financial Condition of Defendant (Doc. 48); Defendant's Motion in Limine Regarding Opinions of Plaintiff's Experts Beyond the Scope of Their Reports (Doc. 49); Plaintiff's Motion in Limine Regarding Trespass on Unfenced Pasture (Doc. 50); Defendant's Motion in Limine Regarding Newspaper Articles, Internet Reports, Television or Radio Reports or Other Media Formats Which Address the Subject Matter of this Litigation (Doc. 51);

Defendant's General Motion in Limine (Doc. 52); Defendant's Motion in Limine Regarding Sight Obstructions (Doc. 53); Defendant's Motion in Limine Regarding Economic Losses without Competent Expert Testimony (Doc. 55); and Defendant's Motion in Limine Regarding the Bend in Plaintiff's Finger (Doc. 57).

**I.     Legal Standard**

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted).  While pretrial limine rulings can save time and avoid interruptions at trial, "a court is almost always better situated during actual trial to assess the value and utility of evidence." *Id.* (citation omitted). For this reason, some courts defer making in limine rulings unless the "evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

**II.    BNSF's Motions in Limine**

As an initial matter, several of BNSF's requests are generic, overly broad, and are not supported either by references to specific evidence or to any authorities beyond the evidence rules. Moreover, some of the issues raised in the Motions in Limine do not warrant in limine rulings at this time and will instead be addressed at trial and/or at pretrial if and when they arise.  Thus, the Court will deny those requests without prejudice at this time.

1. **Defendant's Motion in Limine Regarding the Train Crew's Conduct (Doc. 41)**

BNSF argues that the Court should prohibit plaintiff from soliciting testimony, suggesting, or raising any argument regarding the propriety of the train crew's conduct because such testimony is unsupported by evidence before the Court and its admission would violate Fed. R. Evid. 401, 402, and 403. Specifically, BSNF anticipates that plaintiff may suggest that the crew did not brake appropriately or that the horn was not sounded for a sufficient length of time. (Doc. 41 at 2). In response, plaintiff quotes Okla. Stat. title 66, § 126, and several cases but offer no analysis in support of his contention that BNSF's request be denied. (Doc. 61 at 1-3). Nor has plaintiff asserted that he intends to introduce such evidence.

The Court finds that a ruling is not warranted at this time and the issue will instead be addressed at trial if and when it arises. This request is **denied without prejudice**.

2. **Defendant's Motion in Limine Regarding Evidence or Arguments Concerning Information Protected by 23 U.S.C. § 409, 49 U.S.C. § 20903 or Okla. Stat. tit. 17, § 86 (Doc. 42)**

BNSF asserts that plaintiff should be barred from introducing reports, surveys, schedules, lists or data "including, but not limited to, ratings of crossings or priority lists based on [the] hazardousness of the crossing at issue" under 23 U.S.C. § 409, 49 U.S.C. § 20903, and Okla. Stat. tit. 17, § 86. BNSF states the motion is premised upon its belief that plaintiff may seek to introduce such evidence at trial. (Doc. 42 at 2). Plaintiff has not responded to this motion in limine.

Without BNSF identifying any evidence or providing analysis as to specific evidence that it claims is excludable under the cited authorities, it is impossible for the Court to issue a pretrial ruling either excluding or permitting every possible category of evidence that is implicated under 23 U.S.C. § 409, 49 U.S.C. § 20903, and Okla. Stat. tit. 17, § 86 (Doc. 42). This request is premature and **denied without prejudice**.

3. **Defendant's Motion in Limine Regarding the Adequacy of Locomotive Warning Devices (Doc. 43)**

BNSF argues that plaintiff may try to introduce evidence that questions the adequacy of the locomotive horn on the train, and such evidence is inadmissible under the Boiler Inspection Act, 45 U.S.C. § 22, *et seq.*, and the Federal Railroad Safety Act, 49 U.S.C. § 2010, *et seq.* (Doc. 43 at 1).

Plaintiff did not file a response to this motion in limine. Nonetheless, because plaintiff has not alleged an inadequate locomotive warning device claim, such evidence is not relevant. The Court finds that this motion in limine is **granted**.

4. **Defendant's Motion in Limine Regarding Improper Lay Witness Opinion Testimony and the Alleged "Hazardous" Condition of the Crossing (Doc. 44)**

BNSF requests that the Court prevent lay witnesses from offering opinions as to whether the subject crossing is "hazardous," "extra hazardous," or "ultra-hazardous," and from offering opinions regarding appropriate warning devices for the crossing. BSNF argues that such testimony is limited by Fed. R. Evid. 701. (Doc. 44 at 3). Plaintiff objects to this motion in limine on the grounds that Rule 701 allows lay witnesses, such as plaintiff, to testify about the condition of the crossing that they personally observed. (Doc. 64 at 3).

Rule 701 allows lay witnesses to provide opinions limited to those: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. The Court finds that lay witness testimony regarding whether the County Road 210 crossing was "hazardous," "extra hazardous," or "ultra-hazardous" exceed the scope of Rule 701 because, as BNSF points out, these terms carry legal implications and thus must be based upon specialized knowledge under Rule 702. Moreover,

opinion testimony from unqualified witnesses regarding the safety of the crossing would not be helpful to a jury. For the same reason, lay witness testimony as to hypothetical warning devices appropriate for the subject crossing is also improper. Accordingly, BSNF's request is **granted**.

The Court notes that plaintiff will not be prevented from introducing lay witness testimony regarding the condition of the railroad that complies with Rule 701.

5. **Defendant's Motion in Limine to Exclude Expert Opinions or Arguments that the Crossing Was Subject to the AASHTO Guidelines (Doc. 46)**

BNSF seeks exclusion of testimony by plaintiff's expert, Steven Lett, that the County Road 210 crossing was subject to the American Association of State Highway and Transportation Officials' Policy on Geometric Design of Highways and Streets (the "AASHTO guidelines"). Specifically, BNSF argues that allowing Mr. Lett to testify that the AASHTO guidelines constitute "legal standards of care" would mislead and confuse the jury. (Doc. 46 at 1). Plaintiff's objection concedes that the AASHTO guidelines do not constitute a legal standard, but states that they are otherwise relevant and will assist the jury in its understanding of the case. (Doc. 69 at 3). Given plaintiff's concession, BNSF's motion is **granted** and plaintiff's expert will not be allowed to testify that the AASHTO guidelines constitute legal standards for railroad crossings. However, the limited scope of the Court's ruling does not bar other testimony regarding the AASHTO guidelines that is otherwise admissible under the Federal Rules of Evidence.

6. **Defendant's Motion in Limine Regarding the Speed of the Train (Doc. 47)**

BNSF argues that plaintiff may try attempt to suggest that the train was travelling at an excessive rate of speed, and such evidence is inadmissible under the Federal Railroad Safety Act, 49 U.S.C. § 2010, *et seq.*, because the train was traveling at or below the speed limit set by the Federal Railroad Administration. (Doc. 47 at 1).

5

Plaintiff did not respond to this motion in limine. As the Court determined with respect to BNSF's motion in limine regarding the adequacy of locomotive warning devices, because plaintiff has not alleged an excessive speed claim, such evidence is not relevant. The Court **grants** this motion in limine.

7. **Defendant's Motion in Limine Regarding the Financial Condition of Defendant (Doc. 48)**

BNSF argues that the Court should prevent plaintiff from referencing the financial condition of BNSF to show that BNSF is capable of paying damages and/or is capable of installing additional warning devices at the crossing in question. BNSF also seeks to exclude evidence related to the size of BNSF, its corporate status, statements to the jury that it is in a position to "send a message" to BNSF by its verdict, and references that BNSF is a large corporation that has no concern for motorists in general. (Doc. 48 at 1-2).

Plaintiff did not respond to this motion in limine. The Court finds that such evidence is not relevant to plaintiff's claim and would unduly prejudice the jury. This request is thus **granted**.

8. **Defendant's Motion in Limine Regarding Opinions of Plaintiff's Experts Beyond the Scope of Their Reports (Doc. 49)**

BSNF argues that plaintiff's failure to comply with the Court's scheduling deadlines supports exclusion of any expert opinions beyond the scope of opinions in their deposition. (Doc. 49 at 1-2). However, given the Court's Order regarding the applicability of the Amended Scheduling Order to plaintiff (Doc. 127), this Motion is **moot**.

9. **Defendant's Motion in Limine Regarding Newspaper Articles, Internet Reports, Television or Radio Reports or Other Media Formats Which Address the Subject Matter of this Litigation (Doc. 51)**

BNSF seeks exclusion of adverse publicity BNSF may have received regarding this accident and the subject crossing, through newspaper articles, Facebook posts, online news article

6

comments, and a variety of other media formats. (Doc. 51 at 1). BNSF argues that such evidence is hearsay without exception, has no relevance to the issues of the case, and even if relevant, is excludable under Fed. R. Evid. 403. (*Id.* at 2). In response, plaintiff argues that it does not seek to introduce such evidence for the truth of the matter asserted, but rather to show the impact the incident had on the community. Plaintiff further asserts that the media format statements fall under the "excited utterance" exception to hearsay under Fed. R. Evid. 803(2). (Doc. 70 at 3).

The Court finds a ruling at this time to be premature. BNSF's Motion only makes reference to one online news article comment and has not otherwise identified specific evidence that it seeks to exclude. The Court is unable to make a broad limine ruling excluding or limiting such evidence in advance of trial, and the request is thus **denied without prejudice** at this time.

### 10. Defendant's General Motion in Limine (Doc. 52)

BNSF's General Motion in Limine seeks to exclude eighteen broad categories of evidence. Plaintiff did not respond or otherwise object to BNSF's General Motion in Limine. However, the Court has determined many of the issues cannot be resolved until trial, as the propriety of admitting the evidence at issue cannot be determined until other evidence is presented.

> a. *Any reference to the fact that BNSF is a self-insurer or references to whether BNSF has liability insurance coverage under Fed. R. Evid. 411*

BNSF requests exclusion of the above evidence and also requests that the Court prohibit plaintiff from questioning jurors about their employment or association with an insurance company because such questions infer that BNSF has insurance. As an initial matter, the Court notes that while it will accept proposed voir dire from counsel for plaintiff and defendant, the Court will conduct voir dire.

Fed. R. Evid. 411 prohibits "evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." The

Court agrees that any references to BNSF's insurance are impermissible. BNSF's motion in limine is thus **granted**.

  b. *Any testimony or facts from another claim or lawsuit to show that BNSF was negligent*

BSNF argues that such evidence is not relevant and the probative value is substantially outweighed by the danger of unfair prejudice. In the absence of specific testimony or evidence that BNSF contends should be excluded, the Court declines to issue a broad ruling at this time. BNSF's motion in limine is **denied without prejudice** at this time.

  c. *Any reference to any accidents, test failures, rule violations, or discipline assessed to BNSF's employees on occasions other than the incident giving rise to this lawsuit*

BNSF has not identified specific testimony or exhibits it seeks to exclude. The Court will address the issue at trial if and when it arises. The request is **denied without prejudice** at this time.

  d. *Any mention of BNSF's involvement in other similar lawsuits or other litigation as a party*

BNSF'S broad, general argument precludes the Court from properly assessing the evidence at this time. BNSF's motion is likewise **denied without prejudice**.

  e. *Any reference to alleged internal documents of BNSF or its affiliates unless properly authenticated*

The Court declines to make a broad limine ruling excluding or limiting such documents in advance of trial, and the request is thus **denied without prejudice** at this time.

  f. *Statements or arguments intending to inflame or arouse feelings of hostility or resentment against BNSF*

The Court finds that a ruling is not warranted at this time and the issue will instead be addressed at trial if and when it arises. This request is **denied without prejudice**.

  g. *Any reference of other defects in the railroad's premises or equipment, or unrelated potentially negligent acts of the railroad*

Without any context, authority, or specific evidence sought to be excluded, the Court cannot properly assess the propriety of BNSF's request at this time. BNSF's request is **denied without prejudice.**

> h. *Any references to news stories, articles and publications of any recent accidents involving BNSF and/or any investigations of BNSF by any governmental agencies regarding safety*

The Court notes that this request is similar to BNSF's Motion in Limine Regarding Newspaper Articles, Internet Reports, Television or Radio Reports or Other Media Formats Which Address the Subject Matter of this Litigation (Doc. 51). For the same reasons, BNSF's motion in limine is **denied without prejudice.**

> i. *References that BNSF violated any statute, regulation or guideline not identified by plaintiff in response to discovery*

The Court declines to issue a broad evidentiary ruling in the absence of specific evidence BNSF seeks to exclude. This request is **denied without prejudice**.

> j. *Any reference to plaintiff's financial condition and expenditures or requirements for expenditures other than those directly related to plaintiff's injuries*

BNSF's request argues that plaintiff should not be allowed to imply any poverty or on his part or that of his family. The Court finds that such evidence is not relevant to the case and is also unfairly prejudicial to BNSF. BNSF's request is **granted**.

> k. *Evidence or argument regarding depositions or the failure of BNSF to bring available witnesses to trial*

BNSF has not pointed to any specific evidence, depositions, or witnesses that it suggests are inadmissible, nor has BNSF offered any authority on point. Accordingly, BNSF's motion in limine is **denied without prejudice** at this time.

l. *References to BNSF or the railroad industry as "dangerous"*

BNSF argues that such references constitute impermissible use of reputation or character evidence to show dangerous conduct sanctioned under Fed. R. Evid. 404. The Court finds that any references to BNSF or the railroad industry generally as "dangerous" will have a prejudicial effect on BNSF and is also contrary to the purpose of Rule 404. BNSF's motion in limine is **granted**.

m. *Any closing argument that the jury, by its verdict, can express its feelings about the issue or is in a position to send a message*

The Court addressed the admissibility of this evidence in its ruling on BNSF's Motion in Limine Regarding the Financial Condition of Defendant (Doc. 48). This request is therefore **moot**.

n. *Any remark during voir dire, opening statement, or closing argument concerning the size of defense counsel's law firm*

The Court finds that this evidence is not relevant to the case and **grants** BNSF's motion in limine.

o. *Any statement during voir dire or opening to commit jurors to a pre-determined verdict amount if they find in plaintiff's favor, or any statement suggesting a dollar amount that no juror would accept to voluntarily incur the injury suffered by plaintiff*

BNSF has provided the Court no analysis or binding authority demonstrating that such statements are inadmissible. This request is **denied**.

p. *A cautionary instruction that any dollar figure advanced by plaintiff's counsel does not constitute evidence but merely represents argument*

This request is more properly addressed through BNSF's submission of its proposed jury instructions. The Court accordingly **denies** the motion.

q. *Any argument which requests the jury to place themselves in the plaintiff's position*

The Court finds that the propriety of such evidence is more properly assessed at trial. BNSF's request is **denied without prejudice**.

    r. *Evidence of a prior act of alleged misconduct*

BNSF has not provided the Court with specific testimony or evidence that it seeks to exclude. As a result, the Court cannot issue a ruling at this time. BNSF's motion in limine is **denied without prejudice**.

**11. Defendant's Motion in Limine Regarding Sight Obstructions (Doc. 53)**

BNSF's Motion argues that plaintiff should not be allowed to elicit testimony or suggest that his view of the crossing was obstructed given plaintiff's testimony, the report of plaintiff's expert, Steven Lett, and BNSF's compliance with the sight triangle regulation set forth by the Oklahoma Corporation Commission at O.A.C. 165:32-1-11. (Doc. 53 at 1-2). Plaintiff argues that he did not state that his view of the train was not obstructed, and that Mr. Lett's report took note of brush and trees growing in the railroad right-of-way as evidence of obstruction. (Doc. 60 at 1-2).

The Court addressed the issue of sight obstruction in its summary judgment order, and noted that plaintiff had not asserted a claim under O.A.C. 165:32-1-11. (*See* Doc. 129 at 9). BNSF's argument regarding its compliance with the sight triangle regulation therefore fails. Nonetheless, the Court made clear that evidence of obstruction was relevant to plaintiff's defense of negligence per se. *See Cornwell v. Union Pac. R.R.*, 2010 WL 3521668, at *6 n.2 (N.D. Okla. Sept. 7, 2010), *aff'd sub nom. Cornwell v. Union Pac. R. Co.*, 453 F. App'x 829 (10th Cir. 2012). Consistent with its earlier order, the Court determines that evidence of obstruction is relevant because BNSF has raised negligence per se as an affirmative defense. BSNF's motion is accordingly **denied**.

**12. Defendant's Motion in Limine Regarding Economic Losses without Competent Expert Testimony (Doc. 55)**

BNSF's Motion argues that plaintiff should be prohibited from introducing any evidence regarding his economic loss sustained as a result of the accident because calculation of economic loss requires expert testimony and plaintiff has not identified a qualified economic expert. (Doc. 55 at 1). In response, plaintiff contends that Dr. Sherman, a licensed neuropsychologist, is qualified to support his allegations of economic loss because his report concluded that plaintiff is suffering from psychological injury. (Doc. 62 at 2).

BNSF has provided no binding authority showing that testimony from a qualified economist is required under the facts of this case. The two Tenth Circuit cases cited by BNSF, both brought pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, are distinguishable. In *Parra v. Atchison, Topeka & Santa Fe Ry. Co.*, 787 F.2d 507 (10th Cir. 1986), the Tenth Circuit determined the trial court erred in instructing the jury on future earnings because the plaintiff's expert medical testimony regarding his back injury demonstrated he would not be entitled to future earnings. BNSF's reliance on the concurring opinion in *Wilson v. Burlington N. R. Co.*, 803 F.2d 563 (10th Cir. 1986), a case holding that prejudgment interest cannot be awarded in FELA actions, is likewise misplaced. BNSF's Motion is therefore **denied**.

**13. Defendant's Motion in Limine Regarding the Bend in Plaintiff's Finger (Doc. 57)**

BNSF's Motion argues plaintiff should be prevented from eliciting testimony or suggesting that BNSF is responsible for the bend in plaintiff's finger, which plaintiff has alleged is a "permanent partial disability." BNSF's Motion relies on the deposition testimony of Dr. Boyle, the orthopedic surgeon who performed plaintiff's surgery, who testified that the post-surgery X-rays demonstrated that the bone was "aligned properly" and was "within 1 millimeter of anatomic alignment that would normally be expected." (Doc. 57 at 2). Dr. Boyle testified that the bend

was a result of "soft tissue contracture," and further stated the bend could potentially have been avoided with physical therapy or post-surgery exercises provided to plaintiff. Based on this testimony, BSNF argues that evidence of the bend should be excluded. Plaintiff's Response argues that evidence regarding the bend in his finger is admissible because it resulted from his injury in the collision. (Doc. 57 at 2).

The Court finds that the evidence of the bend is relevant to the injuries plaintiff suffered as a result of the collision. The jury may properly decide whether the bend was a result of BNSF's actions, or plaintiff's actions. BNSF's motion is **denied**.

### III.     Plaintiff's Motion in Limine Regarding Trespass on Unfenced Pasture (Doc. 50)

Plaintiff's motion requests exclusion of evidence that plaintiff and/or his companions trespassed on an unfenced pasture close to the location of the collision, on dates and times separate from the accident. (Doc. 50 at 1). Plaintiff argues that such evidence is contrary to Fed. R. Evid. 404(b)(1), which prohibits evidence of prior bad acts to prove a person's character if used to show the person acted in conformity with that character. (*Id.*). BNSF has not responded to plaintiff's motion.

The Court finds that Rule 404(b)(1) does not apply here, as there is no trespass claim at issue. Moreover, Fed. R. Evid. 404(b)(2) specifically allows evidence of bad acts for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." At this time, it is unclear whether BNSF seeks to introduce this evidence, or for what purpose. Accordingly, plaintiff's Motion is **denied without prejudice** at this time.

## IV. Conclusion

Based on the foregoing, the Court enters the following rulings on the various motions in limine discussed herein:

Defendant's Motion in Limine Regarding the Train Crew's Conduct (Doc. 41) is **denied without prejudice**;

Defendant's Motion in Limine Regarding Evidence or Arguments Concerning Information Protected by 23 U.S.C. § 409, 49 U.S.C. § 20903 or Okla. Stat. tit. 17, § 86 (Doc. 42) is **denied without prejudice**;

Defendant's Motion in Limine Regarding the Adequacy of Locomotive Warning Devices (Doc. 43) is **granted**;

Defendant's Motion in Limine Regarding Improper Lay Witness Opinion Testimony and the Alleged "Hazardous" Condition of the Crossing (Doc. 44) is **granted**;

Defendant's Motion in Limine to Exclude Expert Opinions or Arguments that the Crossing Was Subject to the AASHTO Guidelines (Doc. 46) is **granted**;

Defendant's Motion in Limine Regarding the Speed of the Train (Doc. 47) is **granted**;

Defendant's Motion in Limine Regarding the Financial Condition of Defendant (Doc. 48) is **granted**;

Defendant's Motion in Limine Regarding Opinions of Plaintiff's Experts Beyond the Scope of Their Reports (Doc. 49) is **moot**;

Plaintiff's Motion in Limine Regarding Trespass on Unfenced Pasture (Doc. 50) is **denied without prejudice**;

Defendant's Motion in Limine Regarding Newspaper Articles, Internet Reports, Television or Radio Reports or Other Media Formats Which Address the Subject Matter of this Litigation (Doc. 51) is **denied without prejudice**;

Defendant's General Motion in Limine (Doc. 52) is **denied in part and granted in part**;

Defendant's Motion in Limine Regarding Sight Obstructions (Doc. 53) is **denied**;

Defendant's Motion in Limine Regarding Economic Losses without Competent Expert Testimony (Doc. 55) is **denied**; and

Defendant's Motion in Limine Regarding the Bend in Plaintiff's Finger (Doc. 57) is **denied**.

**SO ORDERED** this 31st day of March, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE